United States District Court
Middle District of Florida
Jacksonville Division

**LEVART STEWART,**

    Petitioner,

v.                                              No. 3:20-cv-343-TJC-LLL

**SECRETARY OF THE FLORIDA DEPARTMENT OF CORRECTIONS AND FLORIDA ATTORNEY GENERAL,**

    Respondents.
_____

### Order Denying Request for Documents

The petitioner requests a court order compelling the state court to produce his pre-sentence investigation report. Docs. 38, 39. He argues the report is necessary to support his federal habeas petition, made under 28 U.S.C § 2254, in which he challenges the legality of his conviction for possession of a firearm by a convicted felon and the state court's imposition of a habitual felony offender (HFO) sentence. *See generally* Docs. 38, 39.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Still, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." Rule 6(a), Rules Governing § 2254 Cases. Good cause may be shown where "specific allegations before the court show reason to believe that the petitioner

may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Bracy*, 520 U.S. at 908-09.

If the claim was "adjudicated on the merits" in state court, § 2254(d) bars relitigating the claim unless the state court's decision (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." The Supreme Court has held "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). In addition, by its plain language, § 2254(d)(2) expressly limits the federal court's review to the record before the state court. *See* § 2254(d)(2); *see also Pinholster*, 563 U.S. at 185 n.7 (noting § 2254(d)(2) suggests with "additional clarity" that review is limited to the state court record).

The petitioner challenged the legality of his conviction for possession of a firearm by a convicted felon and his HFO sentence in a Florida Rule of Criminal Procedure 3.800(a) motion to correct illegal sentence. *See* Doc. 23-21 at 5-13. In addressing these allegations, the state court denied the claims on the merits. *See id.* at 31. Because the state court adjudicated the claims on the merits, they fall within the scope of § 2254(d)(2). Thus, this Court's review must begin with an examination of the state court's decision considering the evidence and facts before the state court. The

petitioner fails to show good cause for discovery at this time. The Court **denies without prejudice** the petitioner's requests, Docs. 38, 39, for documents.

**Ordered** in Jacksonville, Florida, on February 16, 2022.

_____
LAURA LOTHMAN LAMBERT
United States Magistrate Judge

c:
Levert Stewart, # J17573
Counsel of record